# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GIOVANNI, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| BAYER PROPERTIES, LLC, *Defendant* | : : : | No. 20-2215 |

## MEMORANDUM

PRATTER, J.                                                                                                      MAY 3, 2021

Michael Giovanni alleges that he suffers from Attention Deficit Hyperactivity Disorder ("ADHD"), and that he informed his employer, Bayer Properties, LLC, of his diagnosis. Mr. Giovanni filed a complaint with the Pennsylvania Human Rights Commission on March 16, 2018, alleging that he was discriminated against because of his disability. Mr. Giovanni's complaint to the PHRC did not mention a claim of failure to accommodate or retaliation.

Mr. Giovanni now alleges that Bayer refused to accommodate his disability, that Bayer employees made negative comments about his emotional state which were connected to his ADHD, and that Bayer repeatedly passed over him for promotions because of his disability. Mr. Giovanni also alleges that Bayer terminated his employment because of his disability, and has refused to pay him according to a compensation plan that he entered into with them.

For the reasons that follow, the Court will grant Bayer's motion to dismiss in part and deny it in part.

### LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide the defense with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

1

550 U.S. 544, 555 (2007). When evaluating a motion to dismiss, courts in the Third Circuit conduct a two-part analysis. First, the Court separates any legal conclusions from the well-pleaded factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the Court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211. At the pleading stage, the Court accepts "all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210; *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). If the Court can infer only "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The Court need not ignore or discount reality. Nor must the Court "accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Rather, the Court accepts as true all reasonable inferences emanating from the allegations and views those facts and inferences in the light most favorable to the nonmoving party. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

## DISCUSSION

### I.  Defendant's Motion to Dismiss

Bayer's Motion to Dismiss advances four arguments: (1) that Mr. Giovanni's complaint fails to allege each cause of action in a separate count in violation of Federal Rule of Civil Procedure 10(b); (2) that Mr. Giovanni failed to exhaust his failure to accommodate and retaliation causes of action; (3) that Mr. Giovanni failed to allege facts sufficient to support his failure to accommodate and retaliation causes of action; and (4) that Mr. Giovanni failed to allege facts sufficient to support his promissory estoppel cause of action. The Court considers each in turn.

2

## A. Whether the Complaint Violates Rule 10(b) by Failing to Separately Allege Claims

Bayer argues that Mr. Giovanni's complaint violates Federal Rule of Civil Procedure 10(b)'s requirement that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Count I of Mr. Giovanni's complaint alleges that Bayer violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, by engaging in practices that "include without limitation, refusing to provide Plaintiff with reasonable accommodations for his disability, retaliating against him for seeking reasonable accommodations, and terminating his employment as a result of his disability and/or perceived disability." (Doc. No. 1 at 3-4.) Bayer argues that these claims should be dismissed, or in the alternative, that Mr. Giovanni should be required to file another complaint alleging each cause of action in separate counts.

Although Bayer's argument has some merit, it is up to the Court's discretion to decide whether the complaint is sufficiently confusing to justify the relief requested. This is not a case with multiple defendants, or where the plaintiff intermingles causes of action from different statutes. In those situations, courts are more likely to grant a motion for a more definite statement because of an overriding need for or benefit from clarity. *See Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 372 (E.D. Pa. 2011) ("The use of separate counts becomes increasingly important when a plaintiff files suit against multiple . . . defendants and alleges various claims against each."); *Borrell v. Weinstein Supply Corp.*, No. CIV. A. 94-2857, 1994 WL 530102, at *2 (E.D. Pa. Sept. 27, 1994) (where complaint alleged two causes of action arising from the same statute, "requiring [the plaintiff] to file an amended complaint would constitute a waste of time and judicial resources"). Here, Bayer's briefs and statements during oral argument demonstrate that Bayer was entirely able to understand

3

what causes of action are lodged against it, and what facts are material to those claims. The goal and text of Rule 10(b) require nothing more.

### B. Whether Mr. Giovanni Failed to Exhaust His Failure to Accommodate and Retaliation Causes of Action

Bayer next argues that Mr. Giovanni's failure to accommodate and retaliation causes of action were not alleged in his PHRC charge, and, therefore, Mr. Giovanni has not exhausted those claims. Mr. Giovanni responds with two arguments: (1) the PHRC charge document cannot be considered in a motion to dismiss because it is material outside of the four corners of the complaint; and (2) he may pursue claims for failure to accommodate and retaliation even though they are absent from his PHRC charge.

As to the first argument, Mr. Giovanni is correct that courts ordinarily look only to the "four corners" of the complaint when considering a motion to dismiss. But there is an exception. Courts may also consider a document that was not included as an exhibit to the complaint if (1) it is "indisputably authentic" and (2) "the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although courts have not always been clear as to what it means for a plaintiff's claims to be "based on the document," in general, documents may be considered if they are "central to a plaintiff's theory but were either mischaracterized in the complaint or directly undermine a plaintiff's allegations." *Hill v. Corinthian Condominium Assoc. Inc.*, No. CV 20-2242, 2021 WL 1124782, at *3 (E.D. Pa. Mar. 24, 2021). That standard is met here because Mr. Giovanni does not dispute the authenticity of the letter, and the letter has an independent legal effect of barring any causes of action Mr. Giovanni did not allege therein. Indeed, multiple courts have considered similar documents when deciding whether a claim was administratively exhausted. *See Smith v. Harrison House*, No. CV 19-1012, 2020 WL 208930, at *1 n.3 (E.D. Pa. Jan. 13, 2020) (stating that it was proper to

4

consider EEOC charge letter when considering whether a claim was administratively exhausted); *Williams v. The Renfrew Ctr.*, No. CIV.A.07-2833, 2008 WL 2550592, at *1 n.1 (E.D. Pa. June 26, 2008) ("Since the PHRC and EEOC documents attached to Defendant's Motion are both public records and documents central to Plaintiff's claim that she exhausted her administrative remedies, the Court may consider these documents without converting the Motion into a motion for summary judgment."). Therefore, the Court will consider the PHRC charge when ruling on the present motion.

The Court next turns to Mr. Giovanni's argument that he may bring a retaliation claim even if retaliation was not mentioned in his PHRC charge. As he correctly points out, the scope of exhaustion is not only allegations in the EEOC or PHRC charges, but also other matters "which can reasonably be expected to grow out of the charge of discrimination." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir. 2006) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)).

The Third Circuit Court of Appeals has twice considered the scope of this rule where a plaintiff sought to bring a claim for retaliation that was not listed in the EEOC or PHRC charge. Although both cases cite the same overarching rule, they reach different conclusions. *Compare Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) (EEOC charge alleging discrimination also exhausted claim for retaliation) *with Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013).

In reconciling these different results, this Court concludes that there is no bright-line rule about whether a retaliation claim "grows out" of a claim for discrimination. Instead, this Court must determine, based on the facts unique to each case, whether the omitted retaliation claim could "reasonably be expected to grow out of the charge of discrimination" such that an EEOC

investigation of discrimination would uncover any evidence of the alleged retaliation. *Atkinson*, 460 F.3d at 453 (quoting *Ostapowicz*, 541 F.2d at 398-99). If so, the retaliation claim is administratively exhausted even though it was not expressly alleged in the EEOC or PHRC charge.

In *Howze*, the retaliation claim met this test because the only salient difference between the discrimination and retaliation claims was the defendant's alleged motivation in terminating the plaintiff's employment: the plaintiff's race, or the plaintiff's complaints about discrimination on the basis of his race. *See Howze*, 750 F. 2d at 1212. Because all other facts were the same, an EEOC investigation could reasonably be expected to uncover any evidence of a different or additional motive for retaliation. *See id.*

But in *Mandel*, the differences between the discrimination and retaliation claims were more substantial. In the EEOC charge, the plaintiff claimed that she did not complain to her general manager because she feared reprisal. *See Mandel*, 706 F.3d at 163-74. Her complaint in the district court was directly contradictory. In the court pleadings, she alleged that she *did* complain to the general manager, and then suffered retaliation. *See id.* The district court found that the EEOC could not reasonably be expected to have investigated "a claim of retaliation for engaging in statutorily protected activity where Plaintiff's charge states that she refrained from activity that might be protected," and the Third Circuit Court of Appeals agreed with that determination. *See id.* It is true that there is some language in *Mandel* that the crucial fact was that "the box for retaliation was not checked," and the plaintiff "could have easily" done so. *See id.* at 165. But the only way to reconcile *Mandel* with *Howze* is to discount this passing language, and to focus on the degree of difference between the claims for discrimination and retaliation.

Mr. Giovanni's case is more like *Howze* than *Mandel*. The only difference between Mr. Giovanni's discrimination and retaliation claims is Bayer's alleged motivations for

6

terminating Mr. Giovanni's employment. And in this case, unlike *Mandel*, there is no direct contradiction between the PHRC charge and Mr. Giovanni's complaint.[1] Therefore, the Court finds that Mr. Giovanni's retaliation claim was exhausted in his PHRC charge.

Bayer relies on a variety of district court cases that held that a retaliation claim was not exhausted by a claim for discrimination, but the Court is not persuaded by them. Four of the cited opinions are inapposite. *Robinson v. Verizon Communications* is not compelling here because in that case, the plaintiff's fundamental factual account was different in the complaint and the EEOC charge. No. CIV.A. 11-1709, 2011 WL 6779328, at *3-4 (E.D. Pa. Dec. 27, 2011). In the EEOC charge, the plaintiff alleged that his supervisor subjected him to verbal harassment and other discipline because of his age and disability. *Id.* at *2. In his complaint, he "abandoned" the original claim, and instead argued that a collection of Verizon employees, *not* including his supervisor, gave him less favorable work assignments in retaliation for filing an EEOC charge and to discriminate against him because of his disability status. *See id.* Therefore, the court held that *both* his new discrimination and retaliation charges were unexhausted. *See id.* at *2-4. The court did not hold that the retaliation claim was unexhausted merely because it was not alleged.

The same is true of *Hartwell v. Lifetime Doors, Inc.*, No. CIV.A. 05-2115, 2006 WL 381685, at *18 (E.D. Pa. Feb. 16, 2006). *Hartwell* did not hold that a retaliation claim was unexhausted merely because it was not pled. Rather, one of the plaintiff's two retaliation claims was held unexhausted because it was based on different facts than the other. *See id.* at *18. The plaintiff had filed two EEOC charges, the second of which was the focus of the opinion. *Id.* at *17-18. That second charge alleged that the plaintiff may have been dismissed for filing his first

---

[1] This is in part due to the fact that Mr. Giovanni's PHRC charge and complaint are little more than a set of legal conclusions, almost entirely bereft of any factual allegations. But that problem is more properly the focus of Bayer's argument that Mr. Giovanni's retaliation claim should be dismissed under Rule 12(b)(6).

7

EEOC charge, but did not "even hint that he had ever complained to his supervisors or corporate headquarters, let alone claim that he may have been retaliated against for doing so." *Id.* But later, plaintiff attempted to make that claim in a complaint. *Id.* at *18. Because the retaliation claim in the complaint added the allegation that he had complained to his superiors, the court held that the retaliation claim was unexhausted. *Id.* Critically, the difference between the claim in the EEOC charge and the court complaint was not merely a difference in the motives alleged. Rather, the court complaint changed the basic factual allegations underlying the plaintiff's complaint.

Third, *Porchia v. Cohen* is inapposite because there was an actual EEOC investigation into the plaintiff's complaint, and the EEOC did not in fact investigate retaliation. No. CIV. A. 98-3643, 1999 WL 357352, at *8 (E.D. Pa. June 4, 1999). Here, there is no actual investigation record to review, so the Court must instead speculate as to what the EEOC investigation might have encompassed *if* the EEOC chose to act.

Fourth, Bayer cites *Prewitt v. Walgreens Co.*, No. CIV.A. 11-02393, 2012 WL 4364660, at *7 (E.D. Pa. Sept. 25, 2012). *Prewitt* is easily distinguishable. As that court simply said, the claims in the complaint were "completely unrelated to the allegations in Plaintiff's administrative filings." *Id.*

Only one of the opinions Bayer cites is inconsistent with the result reached here: *Evans v. Maui Cup-Letica Corp.*, No. 3:CV-07-01446, 2009 WL 1034490, at *8 n.4 (M.D. Pa. Apr. 16, 2009). That case endorses a bright-line test for when a retaliation claim absent from an EEOC charge may nonetheless be administratively exhausted. *Evans* says that it never can. "[I]f Plaintiff did not present a retaliation claim to the EEOC, he cannot assert one here." *Id. Evans* is not persuasive for three reasons. First, the quote in question is dicta contained in a footnote. The court had already concluded that the complaint failed to allege facts sufficient to state a claim for

8

retaliation, and included this as a backup argument in a footnote. And even then, the court declined to definitively say whether the defendant's argument was correct. *See id.* ("Defendant's contention *appears* meritorious." (emphasis added)). Second, the court cited language from *Atkinson* to support its bright-line rule, but *Atkinson* says no such thing. Rather, *Atkinson* endorsed a test that depends on the facts of each case. *See Atkinson*, 460 F.3d at 453 ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . ." (quoting *Ostapowicz*, 541 F.2d at 398-99)). Third, the court failed to cite, much less reconcile, its "rule," with the Third Circuit Court of Appeals' holding in *Howze*. Nor can the two be reconciled. The outcome in *Howze* would have been different had the court applied the bright-line test *Evans* endorsed. Therefore, this Court declines to endorse *Evans*.

In sum, Third Circuit precedent requires a fact-dependent test for exhaustion. Mr. Giovanni's retaliation claim is factually identical to his discrimination claim, except for Bayer's alleged motivation. Had the EEOC chosen to investigate, it would have uncovered evidence of this alleged retaliation, assuming such evidence existed. Therefore, Mr. Giovanni's retaliation claim is considered administratively exhausted.

### C. Whether Mr. Giovanni Sufficiently Alleged Facts to Support a Claim of Failure to Accommodate or Retaliation

Bayer's next argument is that Mr. Giovanni's complaint fails to allege that he ever requested an accommodation, and that his failure to accommodate claim should therefore be dismissed. Mr. Giovanni responds that his complaint does allege that "Defendant refused to reasonably accommodate Plaintiff."

There is nothing in the complaint beyond this conclusory allegation. The complaint does not state what accommodations Mr. Giovanni requested or required, or which accommodations

9

Bayer refused to provide. This conclusory pleading technique does not comply with Rule 12(b)(6). "A facially plausible claim may not be supported by conclusory allegations" or mere "legal conclusions," but rather must allege facts that, taken as true, "allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosario v. First Student Mgmt. LLC*, 247 F. Supp. 3d 560, 564 (E.D. Pa. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Mr. Giovanni's allegation that Bayer refused to accommodate his disability is a legal conclusion, and is unsupported by any factual allegations whatsoever, much less allegations that would allow the Court to draw the inference that Bayer is liable. Therefore, the Court will grant Bayer's motion to dismiss Mr. Giovanni's failure to accommodate and retaliation claims.

### D. Whether Mr. Giovanni Sufficiently Alleged Facts to Support a Claim for Promissory Estoppel

Lastly, Bayer argues that Mr. Giovanni's promissory estoppel claim should be dismissed because he does not allege that he relied on a promise to his detriment. Mr. Giovanni's complaint alleges that he signed a compensation agreement with Bayer, that Bayer made some payments according to the plan, but failed to make all the payments due to Mr. Giovanni. Mr. Giovanni argues that these allegations are sufficient to support a claim for promissory estoppel.

To make out a claim of promissory estoppel, a plaintiff must allege: "(1) the defendant made a promise and should have reasonably expected that promise to induce action or forbearance by the plaintiff, (2) the plaintiff actually took action or refrained from action in reliance on the promise and (3) injustice can be avoided only by enforcing the promise." *CKSJB Holdings, LLC v. EPAM Sys., Inc.*, 379 F. Supp. 3d 388, 398 (E.D. Pa. 2019), *aff'd*, 837 F. App'x 901 (3d Cir. 2020). "Under Pennsylvania law, promissory estoppel is an 'equitable remedy to a contract dispute . . . [that] makes otherwise unenforceable agreements binding.'" *Id.* (alteration in original) (quoting *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000)). Promissory estoppel is not

merely an equitable equivalent to a breach of contract claim. Rather, the plaintiff must show that because of the promise, the plaintiff had to forego other, more lucrative opportunities. *See Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 51 (3d Cir. 2005).

Mr. Giovanni makes no such allegations here. Instead, his promissory estoppel claim is merely equivalent to his breach of contract claim (which Bayer does not seek to dismiss). Therefore, the Court will grant Bayer's motion to dismiss Mr. Giovanni's promissory estoppel claim.

## II. Whether Leave to Amend Should Be Granted

Although the Court is dismissing some of Mr. Giovanni's claims, the question remains whether Mr. Giovanni should have the opportunity to try to cure these pleading deficiencies. When, as here, a complaint is subject to a Rule 12(b)(6) dismissal, the Court should permit a curative amendment unless it would be futile or inequitable. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In his response in opposition to the Motion, Mr. Giovanni has not requested leave to amend. Regardless, the opportunity to amend will be offered, even if it is not specifically requested. Because the Court has rejected Bayer's exhaustion argument, the Court can see no reason why amendment would necessarily be futile. Therefore, the Court will grant Mr. Giovanni leave to file an amended complaint.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants the motion to dismiss in part, and denies it in part. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

11