## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GIOVANNI,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **BAYER PROPERTIES, LLC,** | : | **No. 20-2215** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                     SEPTEMBER ___, 2021

The Court previously partially dismissed Michael Giovanni's original complaint, without prejudice to Mr. Giovanni's ability to file an Amended Complaint. *See* Doc. Nos. 17-18. Mr. Giovanni did so, and Bayer Properties, Inc. ("Bayer") filed another motion to partially dismiss that pleading. For the reasons that follow, the Court will grant Bayer's motion.

### BACKGROUND

Mr. Giovanni alleges that he suffers from attention deficit hyperactivity disorder ("ADHD"), and that he informed his employer, Bayer, of his diagnosis. He alleges that throughout the course of his employment at Bayer, he performed his duties "in a satisfactory manner." Doc. No. 19 ¶ 11. However, after Mr. Giovanni informed Bayer of his diagnosis, he alleges that his co-workers told him repeatedly that he was "too emotional," "too sensitive," "overly emotional," and that "because of his disability he lacked the communication skills necessary to succeed." *Id.* ¶ 15. Mr. Giovanni alleges that he was passed over for promotions because of his disability, and that he was fired on September 26, 2017. In addition to his litigation in this Court, Mr. Giovanni filed a complaint with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. He alleges that Bayer's acts have caused him to lose pay and benefits, and have caused him "physical injury, mental anguish, embarrassment and humiliation." *Id.* ¶ 20.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide the defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a motion to dismiss, courts in the Third Circuit conduct a two-part analysis. First, the Court separates any legal conclusions from the well-pleaded factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the Court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211. At the pleading stage, the Court accepts "all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210; *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 555). If the Court can infer only "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 679).

The Court need not ignore or discount reality; nor must the Court "accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Rather, the Court accepts as true all reasonable inferences emanating from the allegations and views those facts and inferences in the light most favorable to the nonmoving party. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

## DISCUSSION

**I.     Whether Mr. Giovanni Had Leave to Add Causes of Action**

Bayer first argues that the Amended Complaint includes two new claims—a failure-to-promote claim and a hostile work environment claim—that should be dismissed under Federal Rule of Civil Procedure 15(a)(2).   Rule 15(a)(2) states that in cases where a plaintiff is not permitted to amend the complaint as of right, the plaintiff must either obtain the opposing party's written consent or the court's leave to do so.   Fed. R. Civ. P. 15(a)(2).   After dismissing Mr. Giovanni's original Complaint, the Court noted that dismissal was without prejudice, and gave Mr. Giovanni until May 24, 2021 to file an amended complaint. *See* Doc. No. 18.   As noted in the Court's accompanying memorandum, the purpose was to enable Mr. Giovanni to address the pleading deficiencies in his original Complaint. *See* Doc. No. 17 at 11.

Bayer concedes the Court gave leave to Mr. Giovanni to file an Amended Complaint but argues that Mr. Giovanni's additional causes of action should be dismissed, because the purpose of the order was only to allow Mr. Giovanni to address the deficiencies in his existing causes of action—not to add additional causes of action.   Mr. Giovanni responds that he had leave of Court to file an amended complaint, as required by Rule 15(a)(2), and argues that his hostile work environment and failure to prosecute causes of action were indeed a part of his original Complaint.

While Mr. Giovanni's original Complaint was not a model of clarity, the Court agrees that it sufficed to give Bayer notice that he believed he had claims for hostile work environment and failure to prosecute.   This is especially true of Mr. Giovanni's failure to promote claim.   The original Complaint stated explicitly that: "As a result of his disability, Plaintiff was passed over for promotions." Doc. No. 1 ¶ 17.

The hostile work environment claim was initially described less explicitly, but it is nonetheless ascertainable in the original Complaint.   Mr. Giovanni alleged that Bayer's employees

3

"made numerous comments at work regarding Plaintiff's diagnosis that Plaintiff was 'too emotional,' 'too sensitive,' 'overly emotional,' and that because of his disability he lacked the communication skills necessary to succeed." *Id.* ¶ 16. Mr. Giovanni also alleged that he suffered "mental anguish, embarrassment and humiliation" as a result of these actions. *Id.* ¶ 20. These are not the assertions of a worker at ease in his employment environment.

In light of Rule 15(a)(2)'s endorsement of a "liberal policy toward allowing amendment," the Court concludes that this language was sufficient to announce a hostile work environment cause of action. *Schomburg v. Dow Jones & Co.*, 504 F. App'x 100, 103 (3d Cir. 2012) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1474 (3d ed. 2008)). This liberal policy of amendment is driven by Rule 15(a)(2)'s plain language, which instructs courts to give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Construing the Court's order granting leave to amend so narrowly as to prevent Mr. Giovanni from clarifying that he intended to pursue a hostile work environment cause of action would be at odds with both the text and purpose of Rule 15(a)(2).

The Court is conscious of the fact that Mr. Giovanni's use of conclusory and general language in his original Complaint may have caused him to think he could avoid committing himself to a particular set of causes of action. However, a defendant's claim that a complaint is worded vaguely and is little more than a set of "labels and conclusions" is more properly the focus of a motion under Rule 12(b)(6)—not Rule 15(a)(2). *See Twombly*, 550 U.S. at 555. Therefore, the Court will consider this point in connection with Bayer's argument that Mr. Giovanni's Amended Complaint fails to allege sufficient facts to support his claims in their current state, discussed below.[1]

---

[1]     *See infra* Sections IV-VI.

## II.    Whether the Statute of Limitations Bars Mr. Giovanni's Failure to Promote and Hostile Work Environment Claims

Bayer next argues that the statute of limitations bars Mr. Giovanni's failure to promote and hostile work environment claims.  The parties concede that the limitations period for an ADA claim is 90 days after the receipt of the notice to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1).  Bayer argues that because Mr. Giovanni's original Complaint did not include his failure to promote and hostile work environment claims, and these claims were added to the case well outside of the 90-day period, these claims are barred by the applicable statute of limitations.  The Court disagrees because it concludes, for the reasons stated above, that Mr. Giovanni's original Complaint gave Bayer sufficient notice that he was pursuing claims for failure to promote and for a hostile work environment.[2]

Even if these two claims were not contained in the original Complaint, they would nonetheless relate back.  Federal Rule of Civil Procedure 15(c) provides that an amended pleading that adds claims will relate back to the date of the original pleading if it asserts "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c).  "It is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"  *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)).  Bayer received the fair notice that the statute of limitations was created to protect because the original Complaint notified Bayer of the general transaction or occurrence that was the subject of litigation: Bayer's

---

[2]    *See supra* Section I.

5

treatment of Mr. Giovanni's disability, and Bayer's later decision to terminate his employment. Rule 15(c) requires nothing more.

## III.    Whether Mr. Giovanni Administratively Exhausted his Hostile Work Environment Claim

Bayer next argues that Mr. Giovanni's EEOC Charge did not contain a hostile work environment claim. It notes that Mr. Giovanni never used the words "harassment" or "hostile work environment claim," and that this claim is therefore outside of the scope of his EEOC charge.

But as noted in the Court's prior memorandum, "the scope of exhaustion is not only allegations in the EEOC [charge], but also other matters 'which can reasonably be expected to grow out of the charge of discrimination.'" Doc. No. 17 at 5 (alteration in original) (quoting *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir. 2006)). This determination is "based on the facts unique to each case," and requires the Court to decide whether an EEOC investigation into the conduct alleged in the administrative complaint would have covered the cause of action in question. *Id.*

The Court concludes that Mr. Giovanni's hostile work environment claim is within the scope of exhaustion. While his EEOC charge does not use the phrase "hostile work environment," it does allege that he was "treated differently at work." *See* Doc. No. 5-2 at 2. It further alleges, like both of his pleadings in this action, that "there were numerous comments at work that Mr. Giovanni was 'too emotional,' 'too sensitive,' 'overly emotional,' and that because of his disability he lacked the communication skills necessary to succeed." *Id.* Finally, it alleges that he suffered "humiliation [and] mental pain and suffering." *Id.* The Third Circuit Court of Appeals considered a similar case where plaintiffs merely alleged "that they had been subjected to 'an abusive atmosphere' because of sex." *Anjelino v. New York Times Co.*, 200 F.3d 73, 81 (3d Cir. 1999). The district court had dismissed the plaintiffs' hostile work environment claim because it

held that the phrase "abusive atmosphere" was not sufficiently close to "hostile work environment" to exhaust that claim. *See id.* at 93. The court in *Anjelino* disagreed, holding that the plaintiffs' language would have alerted the EEOC to the fact that the plaintiffs were alleging that they had been subjected to a hostile work environment. *See id.* at 93-96. Similarly here, while Mr. Giovanni did not use the phrase "hostile work environment," his EEOC charge made it clear that he was alleging that he received what he considered to be distressing comments at work because of his disability. Therefore, the Court holds that Mr. Giovanni has exhausted his hostile work environment claim.

## IV.    Whether Mr. Giovanni Sufficiently Alleged Facts to Support a Claim for Failure to Promote

Bayer next argues that Mr. Giovanni's Amended Complaint fails to allege sufficient facts to support his failure to promote claim. Mr. Giovanni's memorandum does not offer a rebuttal to this Bayer argument, but instead argues that a 12(e) motion for a more definite statement is a more appropriate mechanism to challenge the lack of factual specificity in a complaint, and requests leave to file another amended pleading if the Court grants Bayer's motion to dismiss.

The Court agrees with Bayer that Mr. Giovanni's Amended Complaint fails to allege sufficient facts to support his failure to promote claim. The Amended Complaint states three times, albeit in conclusory fashion, that Mr. Giovanni was passed over for promotions because of his disabilities. *See* Doc. No. 19 ¶ 16 ("As a result of his disability, Plaintiff was passed over for promotions."), ¶ 24 ("These [unlawful employment] practices include without limitation, passing Plaintiff over for promotions as a result of his disability . . . ."), ¶ 30 ("Defendants violated [the PHRA] by passing Plaintiff over for promotions as a result of his disability . . . ."). But the Amended Complaint alleges no facts in support of this conclusion. For example, it does not identify what promotions Mr. Giovanni was eligible for but was denied, who received the

promotions instead, or what those individuals' credentials were. Because the Amended Complaint fails to allege any, let alone sufficient, facts to render his claim facially plausible, the Court will grant Bayer's motion to dismiss Mr. Giovanni's failure to promote claim.

## V.  Whether Mr. Giovanni Sufficiently Alleged Facts to Support a Claim of Hostile Work Environment

Bayer next argues that Mr. Giovanni has not sufficiently alleged a hostile work environment claim. A claim for a hostile work environment requires a showing that: "(1) [the plaintiff] is a qualified individual with a disability under the ADA; (2) [ ]he was subject to unwelcome harassment; (3) the harassment was based on [his] disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive working environment; and (5) that [the employer] knew or should have known of the harassment and failed to take prompt effective remedial action." *Kieffer v. CPR Restoration & Cleaning Serv., LLC*, 200 F. Supp. 3d 520, 535 (E.D. Pa. 2016) (alterations in original) (quoting *Walton v. Mental Health Ass'n of Se. Pa.,* 168 F.3d 661, 667 (3d Cir. 1999)), *aff'd*, 733 F. App'x 632 (3d Cir. 2018). In determining whether the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment, courts look to the "totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Caldwell v. Nodiff*, No. 13-cv-162, 2014 WL 641356, at *7 (E.D. Pa. Feb. 18, 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

The only portion of the Amended Complaint that contains factual allegations relevant to a hostile work environment claim is paragraph 15, which states: "Defendant's agents made numerous comments at work regarding Plaintiff's diagnosis that Plaintiff was 'too emotional,' 'too

sensitive,' 'overly emotional,' and that because of his disability he lacked the communication skills necessary to succeed.'" Doc. No. 19 ¶ 15. Even construing these allegations in the light most favorable to Mr. Giovanni, the Court concludes that he has only met, at most, the first three elements of an ADA hostile work environment claim.

Indeed, Mr. Giovanni's memorandum in opposition to Bayer's motion to dismiss does not dispute that dismissal is appropriate. The Court finds no allegations in the Amended Complaint that lead to the inference that any harassment was severe or pervasive. The Court cannot conclude from Mr. Giovanni's Amended Complaint even approximately how frequently these comments were made. And even if the Court assumes that these comments were supposedly made regularly and throughout the time that Mr. Giovanni was employed by Bayer, a comment that someone is "too emotional" and lacks communication skills sufficient to discharge their duties is not necessarily an offensive utterance, much less "physically threatening or humiliating" harassment that "unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. While in general courts are reluctant to dismiss hostile work environment claims based on the severe or pervasive requirement, *see, e.g., Zielinski v. Kimberly-Clark Corp.*, No. 15-cv-3053, 2016 WL 3519709, at *10 (E.D. Pa. June 28, 2016) the complete absence of allegations tending to demonstrate that harassment was "physically threatening or humiliating" justifies dismissal. *See, e.g., Powers v. Se. Pa. Transp. Auth.*, No. 19-cv-4685, 2021 WL 2577171, at *9-10 (E.D. Pa. June 23, 2021) (two co-workers' repeated statements that the plaintiff's medical condition created odors that were disturbing other employees, "while embarrassing and unprofessional," did "not plausibly plead a pattern of severe discrimination so abusive that the very nature of Plaintiff's employment was altered").

Finally, there is a complete absence of facts here relevant to the fifth factor. Mr. Giovanni's Amended Complaint merely alleges that these statements were made by "Defendant's agents," but he does not allege facts sufficient for the Court to conclude that Bayer itself knew or should have known of these statements and refused to act. In sum, the Amended Complaint pleads facts that merely make liability, if there was more to the picture, possible, but "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 556. For these reasons, the Court will grant Bayer's motion to dismiss Mr. Giovanni's hostile work environment claim.[3]

## VI. Whether Leave to Amend Should Be Granted

Mr. Giovanni requests that if the Court grants Bayer's motion to dismiss his Amended Complaint, he be given leave to file a third pleading to address any deficiencies. Bayer responds that allowing Mr. Giovanni to file yet more amendments would be inequitable because Mr. Giovanni did not even attempt to argue that his Amended Complaint states a claim for a failure to promote or a hostile work environment, and because Mr. Giovanni failed to address any of the Court's previous concerns that his initial Complaint lacked sufficient factual allegations. Finally, Bayer argues that giving Mr. Giovanni leave to amend would be inequitable because it would require Bayer to engage in discovery after the time for discovery has closed.[4]

---

[3] Bayer notes in passing that Mr. Giovanni's Amended Complaint deletes any references to a failure to accommodate or retaliation, and that Mr. Giovanni has therefore abandoned those claims. Mr. Giovanni did not respond to this argument. The Court does note that one portion of the Amended Complaint arguably retains a reference to a failure to accommodate claim, but agrees that the Amended Complaint deleted any reference to retaliation. *See* Doc. No. 19 ¶ 14 ("The material functions of Plaintiff's job could be performed adequately with reasonable accommodations."). To the extent that Mr. Giovanni intended that this remaining reference act as a claim for failure to accommodate, this claim is also dismissed, because Mr. Giovanni failed to address any of the shortcomings in this regard previously identified by the Court. *See* Doc. No. 17 at 9-10.

[4] The Court does not find this last argument worthy of lengthy consideration because there is absolutely no reason to fear that the Court would deny discovery to a party who had just learned about claims against it. However, on these points of the relationship of motions to dismiss and discovery deadlines, the Court directs the parties to read more closely the Court's Scheduling Order and general Policies and Procedures.

The Court concludes that allowing Mr. Giovanni to file a third complaint would not be appropriate and will therefore dismiss Mr. Giovanni's failure to promote and hostile work environment claims with prejudice. "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur*, 434 F.3d at 204. Mr. Giovanni did not take advantage of the previous opportunity to allege additional facts. Rather than adding additional allegations, Mr. Giovanni only *deleted* a paragraph from the "Facts" section, and otherwise left that section unchanged from his original Complaint. *Compare* Doc. No. 1 ¶ 15, *with* Doc. No. 19 at 3. Mr. Giovanni gives no explanation for this decision, or why he believed that his Amended Complaint would be satisfactory in light of the Court's previous admonition that his "conclusory pleading technique does not comply with Rule 12(b)(6)." Doc. No. 17 at 10. Furthermore, allowing Mr. Giovanni to file another amended pleading at this juncture would be inequitable to Bayer, who has had to expend resources filing multiple motions to dismiss Mr. Giovanni's sparse complaints. It would be particularly inequitable to grant leave to amend because there is no evidence that Mr. Giovanni attempted in good faith to comply with Rule 12(b)(6)'s requirements by alleging additional facts in his Amended Complaint. *See Arthur*, 434 F.3d at 204 (noting that "undue delay, bad faith, and futility" as well as "prejudice to the non-moving party" may justify denying leave to amend); *Ekwunife v. City of Phila.*, 245 F. Supp. 3d 660, 679 (E.D. Pa. 2017), *aff'd*, 756 F. App'x 165 (3d Cir. 2018) (denying leave to amend where the plaintiff failed to cure deficiencies in the complaint identified by the court); *Hanrahan v. Blank Rome LLP*, 142 F. Supp. 3d 349, 356 (E.D. Pa. 2015) (denying leave to amend because in light of the plaintiff's "repeated inability to comply with the *Twombly* and *Iqbal* pleading standard, further amendment would be futile"); *Gadling-Cole v. W. Chester Univ.*, 868 F. Supp. 2d 390, 401 (E.D. Pa. 2012) (denying leave to amend where the plaintiff's "amendment failed to

11

cure the above deficiencies and to allow further amendment would be inequitable to the Defendants who have already moved for dismissal of these claims twice"). *See also In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004) ("Plaintiffs relied at their peril on the possibility of adding to their complaint, but in doing so they clearly risked the prospect of the entry of a final dismissal order."). Therefore, dismissal will be with prejudice.

CONCLUSION

For the foregoing reasons, the Court grants Bayer's partial motion to dismiss. An appropriate order follows.

BY THE COURT:

*s/Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE